ADELINE D. CRANDELL, Respondent, v. WALTER S. CRANDELL and Another, as Executors, etc., of FRED H. CRANDELL, Deceased, and WALTER S. CRANDELL, Individually and as Trustee, Appellants.

First Department, April 20, 1923.

Husband and wife — separation — trust created by husband to pay weekly allowance to wife — trust provided for termination when grantor reached forty-five years of age but that thereafter grantor would pay allowance to trustee for benefit of wife — trustee is not liable after termination of trust without showing that he received money — amount received as temporary alimony after trust agreement was executed must be deducted from amount due under agreement — when Appellate Division cannot reduce judgment granted on pleadings.

In an action by a wife to recover the amount due to her under a trust deed executed by her husband to carry out a separation agreement, it appeared that the trust deed provided that it should terminate when the husband reached the age of forty-five years and that thereafter the husband would pay the weekly allowance to the trustee and the trustee would pay the same to the wife; that the amount sued for accrued after the husband became forty-five years of age and that it was alleged in the answer that the plaintiff received temporary alimony for a portion of the time covered by this action.

*Held*, that the trustee cannot be held liable for the amount accruing after the husband reached the age of forty-five years in the absence of any showing that he had received the money from the husband;

That the amount received as temporary alimony during a portion of the period covered by this action must be deducted from the amount due under the separation and trust agreement;

That the Appellate Division has no power to reduce the judgment for the full amount accrued under the separation agreement since the plaintiff has the right to show that she did not receive the temporary alimony as alleged in the answer.

APPEAL by the defendants, Walter S. Crandell and others, from an order of the Supreme Court, made at the Bronx Special Term

and entered in the office of the clerk of the county of Bronx on the 25th day of April, 1922, granting plaintiff's motion for judgment on the pleadings, and also from the judgment in favor of the plaintiff, entered in said clerk's office on the 27th day of April, 1922, pursuant to said order.

*David Blitzer* [*William Copeland Dodge* of counsel], for the appellants.

*Roger J. Heisler* of counsel, for the respondent.

SMITH, J.:

Fred H. Crandell received a distributive share in the estate of Edwin Hawley, deceased. He and his wife separated. He made an agreement to turn this share over to Walter S. Crandell, his brother, from which Walter S. Crandell should pay to the plaintiff thirty-five dollars a week for her support and maintenance. The balance of the income, so far as was necessary, he was to pay to the children and to Fred H. Crandell. This trust was to continue until Fred H. Crandell was forty-five years of age. The agreement further provided that the trust should then cease, but that, nevertheless, Fred H. Crandell should pay to Walter S. Crandell thirty-five dollars a week, which moneys Walter S. Crandell was to pay to the plaintiff for the balance of her life. The last payment was in November, 1917. She brought an action in 1918 for the installments remaining unpaid upon the contract. Fred H. Crandell had become forty-five years of age in 1916, so that one trust was terminated. The action brought by her was stayed in the Municipal Court, and he brought an action for divorce in which his wife obtained twenty dollars a week alimony. This continued for three years. The divorce action was then discontinued. The Municipal Court action proceeded, but the court dismissed it for want of jurisdiction. An appeal has been taken from that judgment, which appeal is still pending, as far as appears from the record.

An action was then brought in the Supreme Court for the installments due at the time of the beginning of the action against Fred H. Crandell and Walter S. Crandell. Walter S. Crandell was sued individually and as trustee. The plaintiff moved for judgment upon the pleadings, and the defense was, *first,* that the trust had terminated; *second,* that the Municipal Court judgment was a bar. The Special Term has held otherwise, and held that the defendants were liable for this thirty-five dollars per week.

There is no allegation that Fred H. Crandell ever paid these moneys to Walter S. Crandell after he became forty-five years

of age. In fact, in the affidavit the contrary is stated. Without such an allegation the judgment cannot stand against Walter S. Crandell. While there is some confusion in the case as to the claim made against Walter S. Crandell, I do not understand that it is claimed that he is liable, without an allegation that he received moneys from Fred H. Crandell. But the order appears to have granted judgment against the defendants, and the appeal is taken by the defendants.

In the divorce action brought by Fred H. Crandell against his wife, alimony was fixed at twenty dollars per week, and that was paid, as before stated, until the action was discontinued; that is, the money was paid between the 20th day of July, 1918, and the 22d day of November, 1921, as stated in the defendants' answer. There is a provision in the contract between Fred H. Crandell and his wife that Fred H. Crandell and Walter S. Crandell might, at any time, terminate the trust; but reading the entire agreement, it is apparent that this refers to the trust created in the second paragraph of the agreement, that is, the trust created until he was forty-five years of age; and this right of termination does not seem to have been given to Fred H. Crandell and Walter S. Crandell after that time; but thereafter Walter S. Crandell was a mere naked trustee and intermediary to receive the money from Fred H. Crandell and to pay over the same to the plaintiff here, the wife of Fred H. Crandell.

The provisions of the separation agreement relevant to the power of revocation are found in paragraphs second, third and ninth of said agreement, which read as follows:

" *Second.* The party of the first part does hereby grant, bargain, sell, assign, convey, transfer and set over unto the party of the third part, his successors and assigns in fee, all and singular the right, title, share and interest whatsoever of the party of the first part under and by virtue of the said trust agreements dated February 24, 1912, March 2, 1912, and March 20, 1912, in and to the estate and property, real, personal and mixed of the late Edwin Hawley, deceased, wheresoever situated or located and in whatsoever form or condition the same may be.

" *To have and to hold* the same and every part thereof *in trust* for the following uses and purposes:

" To take possession of, collect and receive the interest, income, rents, issues and profits arising therefrom, from time to time, and after deducting therefrom all the proper costs and expenses, to apply the net amount thereof as follows:

" (a) To pay to the said party of the second part until the party of the first part attains the age of forty-five years, if the

party of the second part shall so long live, and if not then for and during her natural life, the sum of Thirty-five dollars ($35) per week on Wednesday of each and every week;

" (b) To apply the balance, if any, of the net amount of the said interest, income, rents, issues and profits as aforesaid, in such amounts and at such times as the party of the third part may in his discretion deem fit and proper, to the use, maintenance and support of the party of the first part, and his children for so long during the life of such party of the first part as he shall remain under the age of forty-five years, and to accumulate for the benefit of the minor children now in being of the said party of the first part, the surplus of the said balance, if any, over and above such sums as may be deemed by the party of the third part necessary for the use, maintenance and support of the party of the first part and his children; such accumulation to terminate, and such accumulated amount to become the property of, and be turned over to, the said children when the party of the first part shall attain the age of forty-five years, but not later than the expiration of the minority of such minor children, or upon the prior termination of this trust.

" Any sums received by the party of the third part as income under and by virtue of the said agreements of February 24, 1912, March 2, 1912 and March 20, 1912, shall be considered income under this agreement; and such sums as may be received by the party of the third part as principal under and by virtue of the said agreements shall be considered principal under this agreement.

" *Third.* Upon the termination of the trust herein created in paragraph ' Second ' hereof, whether such termination be by act of the party of the first part and the party of the second part as hereinafter provided in paragraph ' Ninth ' hereof, or otherwise, and if the party of the second part survive such termination, or upon the failure or discontinuance for any reason whatsoever during the lifetime of the party of the second part of the weekly payments provided in article ' Second (a)' hereof, the party of the first part does for himself, his. heirs, executors and personal representatives, agree to allow and pay to the party of the second part, by paying to the party of the third part, or his successor, as Trustee, for and on behalf of the party of the second part, the sum of Thirty-five dollars ($35) per week on Wednesday of each and every week for and during the natural life of the said party of the second part. And said party of the second part shall, if said agreement is performed and continued in force, release all rights of dower and all claims of all kinds to and against the

estate of the said party of the first part, now or hereafter to be acquired."

" *Ninth.*  \*  \*  \*  And the said Trustee shall have full power and authority at any time, when he may deem it advisable prior to the time hereinbefore fixed in paragraph ' Second ' hereof, for the termination of the said trust, but upon the consent of the party of the first part, to terminate the said trust, and, upon any such termination by the said Trustee, and his turning over the property to the persons entitled thereto under this agreement, the rights of the party of the first part and the party of the second part and of the children of the party of the first part, under the said trust created in paragraph ' Second ' hereof, shall thenceforth cease and determine."

No point is anywhere raised that the action can be brought only by the trustee.  Fred H. Crandell has died since the commencement of the action, and Walter S. Crandell is one of his executors, so that in any event the plaintiff can properly maintain the action.

Inasmuch as under the separation agreement this thirty-five dollars a week was paid for the support and maintenance of the plaintiff, and inasmuch as the plaintiff received in the form of alimony, twenty dollars per week for over three years of this time for her support and maintenance, we are of the opinion that from this thirty-five dollars per week should be deducted the twenty dollars per week which the plaintiff had received.  There clearly was never any intention, in granting this alimony, that the plaintiff should receive the twenty dollars per week in addition to the thirty-five dollars provided for in the agreement.  But this motion is made by the plaintiff to strike out the defendants' answer and for judgment upon the pleadings.  The plaintiff has not denied, and was not called upon to deny, that she had received this twenty dollars per week for the time specified.  Her motion was to strike out the answer and for judgment for the full amount.  We are not at liberty to reduce the amount of the judgment ordered, because the plaintiff clearly has the right to show that she did not receive this twenty dollars per week for the time specified; and, therefore, under our interpretation of the agreement the judgment and order should be reversed, with costs, and the motion denied, with ten dollars costs, unless the plaintiff will stipulate that, from the judgment as ordered, this sum of twenty dollars per week for the time mentioned in the answer may be deducted, in which case the judgment should be modified by striking out therefrom the judgment as ordered against Walter S. Crandell, and by modifying the amount claimed in the complaint by reason of the payment

of the twenty dollars per week for the time specified in the defendants' answer, and as modified the order should then be affirmed, without costs.

DOWLING, FINCH and McAVOY, JJ., concur; PAGE, J., concurs in result.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs, unless plaintiff stipulates as stated in opinion; in which case, judgment modified as indicated, without costs. Settle order on notice.